1  David Simantob, SBN 155790
   dsimantob@tresslerllp.com
2  Elizabeth L. Musser, SBN 203512
3  emusser@tresslerllp.com
   TRESSLER LLP
4  1901 Avenue of the Stars, Suite 450
5  Los Angeles, CA 90067
   Telephone: (310) 203-4800
6  Facsimile:  (310) 203-4850
7
   Attorneys for Defendant and Counterclaimant
8  HARTFORD FIRE INSURANCE COMPANY
9

10              UNITED STATES DISTRICT COURT
11         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
12

| 13 | BIG 5 SPORTING GOODS CORPORATION, a Delaware corporation, | Case No. 2:12-cv-03699-DMG-MAN |
|----|-----------------------------------------------------------|-------------------------------|
| 14 | | |
| 15 | Plaintiff, | **[PROPOSED]** AMENDED JUDGMENT IN FAVOR OF HARTFORD FIRE INSURANCE COMPANY AND ZURICH AMERICAN INSURANCE COMPANY |
| 16 | | |
| 17 | v. | |
| 18 | ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; and HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation, | |
| 19 | | |
| 20 | | |
| 21 | Defendants. | |
| 22 | | |

1

**[PROPOSED]** AMENDED JUDGMENT

Pursuant to the Court's July 10, 2013 Order granting Defendants Zurich Insurance Company and Hartford Fire Insurance Company's Motions for Summary Judgment and denying Plaintiff Big 5 Sporting Goods Corporation's Motion for Partial Summary Judgment,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT** judgment is entered in favor of Defendants Hartford and Zurich as follows:

Hartford owes no coverage obligation to Big 5 Sporting Goods Corporation ("Big 5") under insurance policy number 72 ECS R95004, effective September 25, 2010 to September 25, 2011 (the "Hartford Policy") and Zurich owes no coverage obligation to Big 5 under insurance policy number GLO 9262202-00, effective September 25, 2007 to September 25, 2008, insurance policy number GLO 9262202-01, effective September 25, 2008 to September 25, 2009, or insurance policy number GLO 9262202-2, effective September 25, 2009 to September 25, 2010 (the "Zurich Policies") with respect to each of the following underlying matters, collectively or severally (the "Underlying Actions"):

- *Matatova v. Big 5 Sporting Goods Corporation*, Case No. BC 455459 (Los Angeles County Superior Court);
- *Mossler v. Big 5 Sporting Goods Corporation*, Case No. BC455477 (Los Angeles County Superior Court);
- *Holmes v. Big 5 Sporting Goods Corporation*, Case No. RG-11563123 (Alameda County Superior Court);
- *Wiener v. Big 5 Sporting Goods Corporation*, Case No. BC456300 (Los Angeles County Superior Court);
- *Smith v. Big 5 Sporting Goods Corporation*, Case No. 39 2011 00261014 CU BT STK (San Joaquin County Superior Court);
- *Gabriel v. Big 5 Sporting Goods Corporation*, Case No. BC462213 (Los Angeles County Superior Court);
- *Valiente v. Big 5 Sporting Goods Corporation*, Case No. BC455049 (Los Angeles County Superior Court);

**[PROPOSED] AMENDED JUDGMENT**

- *Nelson v. Big 5 Sporting Goods Corporation*, Case No. CGC-11-508829 (San Francisco County Superior Court);
- *Motta v. Big 5 Sporting Goods Corporation*, Case No. CGC-11-509228 (San Francisco County Superior Court);
- *Zimmerman v. Big 5 Sporting Goods Corporation*, Case No. BC383834 (Los Angeles County Superior Court);
- *Gonzalez v. Big 5 Sporting Goods Corporation*, Case No. 24-2008-00083307-CU-BT-CTL (San Diego County Superior Court); and/or
- *Big 5 Sporting Goods Song-Beverly Cases*, Case No. JCCP 4667 (Los Angeles County Superior Court) (the "Coordination Proceeding").

Because there is no coverage under the Hartford Policies or the Zurich Policies for Big 5 in the Underlying Actions, Zurich and Hartford are entitled to full reimbursement of all defense fees and costs and settlement sums that they paid on behalf of Big 5 in the Underlying Actions. *Scottsdale Ins. Co. v. MV Transp.* 36 Cal. 4th 643, 662 (2005); *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal. 4th 489, 504 (2001).

Accordingly, judgment is entered in favor of Hartford and Zurich and against Big 5 with respect to all claims asserted in Big 5's complaint in this action, with respect to all claims asserted in Hartford's counterclaim in this action, and with respect to all claims asserted in Zurich's counterclaim in this action.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT** (1) Big 5 must reimburse Hartford $176,703.18 in defense fees and costs paid to date in the Underlying Actions; (2) Big 5 must reimburse Zurich $210,818.72 in defense fees and costs paid to date in the Underlying Actions; and (3) Big 5 must reimburse Zurich $30,000 in indemnity amounts paid to date in the Underlying Actions.

DATED: September 6, 2013

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE